NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0241n.06

No. 25-3268

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 28, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| CATARINA PEREZ-RAYMUNDO; C.Y.C.P., | ) | |
| Petitioners, | ) ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| TODD W. BLANCHE, Acting U.S. Attorney | ) | APPEALS |
| General, | ) | OPINION |
| Respondent. | ) | |
| | ) | |

---

Before: COLE, STRANCH, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Catarina Perez-Raymundo, an indigenous person from Guatemala, unlawfully entered the United States with her daughter in 2017. In the subsequent removal proceedings, Perez-Raymundo admitted that she had entered without being admitted but timely filed an application for asylum and withholding of removal.

An Immigration Judge (IJ) held a hearing on Perez-Raymundo's application in 2023. Perez-Raymundo testified that while in Guatemala she had been a member of an organization dedicated to building a school for the children in the community. After one meeting where Perez-Raymundo spoke, a woman named Maria Escobar approached her, threatened her, and struck her in the stomach. Perez-Raymundo reported this to the mayor, who could not get Escobar to come to the mayor's office for a meeting, so no action was taken. Perez-Raymundo never reported the incident to the police, in part because the police station was about two hours from where she lived. Several days later, some of Escobar's relatives came to Perez-Raymundo's home and threatened

her. Perez-Raymundo did not report this threat to the police, either. She stayed in Guatemala for one more year before leaving for the United States, and she did not receive any threats during this time. But she expressed an ongoing fear that if she returned to Guatemala, she would again be threatened, and she and her daughter would be put at risk.

The IJ considered this testimony and determined that Perez-Raymundo was credible but "did not meet her burden of proof regarding past persecution by the government or by a private actor the government was unable or unwilling to control." AR 45. The IJ also determined that relocation within Guatemala "is both viable and reasonable" for Perez-Raymundo. AR 49–50. The Board of Immigration Appeals (BIA) reviewed the IJ's decision and affirmed on both points.

Now, Perez-Raymundo claims that the BIA erred by overlooking her argument that reporting her past abuse to law enforcement would have been futile, but she does not challenge the BIA's relocation determination. Nor did Perez-Raymundo file a reply brief challenging that determination after the government pointed out the oversight.

This dooms her petition for review. A petitioner's ability to relocate "provides an independent basis for rejecting . . . asylum and withholding-of-removal claims" because "an applicant cannot qualify for either asylum or withholding of removal if she can avoid persecution by relocating within her home country." *Cristales-de Linares v. Bondi*, 161 F.4th 401, 413 (6th Cir. 2025). Perez-Raymundo did not challenge this independent basis for the BIA's decision. Because Perez-Raymundo failed to challenge each independent basis for affirmance, we must affirm. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1155 (6th Cir. 2010) (holding that "to preserve the agency's dispositive conclusion for appellate review, [petitioners] were . . . under an obligation to challenge the adverse determination on some ground"); *Ly v. Holder*, 427 F. App'x

406, 408–09 (6th Cir. 2011) (denying review of asylum claim because petitioner did not challenge the BIA's independent basis for denying asylum).

Because the BIA held that Perez-Raymundo could relocate within Guatemala and she has not challenged that decision on appeal, the petition for review is **DENIED**.